UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:

DARRYL F. CARL,

CHAPTER 7
Case No.: 12-10122

Debtor.

---

DARWIN (HUCK) SPAULDING LIVING TRUST

Plaintiff,

-vs.-

DARRYL F. CARL,

Defendant.

Adversary Proc. No. 12-90078

---

### DEFENDANT DARRYL F. CARL'S POST TRIAL MEMORANDUM OF LAW

Darryl F. Carl, the defendant herein (hereinafter the "defendant"), by and through his attorneys, Tully Rinckey, PLLC (Robert J. Rock, of counsel), provides the Court with this Post Trial Memorandum of Law and respectfully requests that the Court issue an order granting judgment in favor of the defendant on each of the claims set forth in the Complaint and dismissing the adversary complaint filed by Darwin (Huck) Spaulding Living Trust (hereinafter the "Trust" or "Spaulding Trust").

On October 26, 2012, the Spaulding Trust filed an adversary complaint, seeking an order denying a discharge in the instant case pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(b), and 727(a)(4)(A). As set out more fully below, these claims should fail as the defendant lacked the requisite fraudulent intent with respect to each such claim.

1

I.   Spaulding Trust's Objection to Discharge Under § 727(a)(2)(A)

To prevail on a cause of action under § 727(a)(2)(A), the objecting party must show, "(1) the debtor transferred, removed, destroyed, mutilated, or concealed (2) his or her property. . . (3) within one year of the petition filing date (for prepetition transfers) (4) with intent to hinder, delay or defraud a creditor." *Harris v. D'Amico* (In re D'Amico), 2008 Bankr. LEXIS 2707 (Bankr. N.D.N.Y. Oct. 9, 2008) (quoting *In re Brundege*, 359 B.R. 22, 30 (Bankr. N.D.N.Y. 2007). In the context of a § 727(a)(2)(B) claim, "hinder or delay" means that "the debtor possesses an actual fraudulent intent to significantly impair a creditor's collection efforts." *Id.* (citing *In re Bressler*, No. 06-11897, 2008 Bankr. LEXIS 754, 2008 WL 686810, at *8 (Bankr. S.D.N.Y. Mar. 10, 2008) (internal citations and quotations omitted). In the instant case, the defendant did not act with the requisite fraudulent intent.

The Spaulding Trust alleges that the defendant intended to hinder, delay, and defraud creditors when he transferred a one half interest in his property to his wife. Here, the defendant stated in his examination before trial (Feb. 22 EBT[1]: 18 – 19)[2] and at trial (TR-147-148) that the primary reason for conveying an interest in the property to his wife was to obtain a better refinance rate. He further stated that the property was transferred in order to protect his wife in the event that he passed away (TR-147). *Id.* He finally stated that in June 2011, at the time these transactions occurred, he believed that he would be able to save New Salem Saab, and that New Salem Saab would be able to continue in business. *Id.* Ultimately, defendant was unable to save the business, and defendant

---

[1] "Feb. 22 EBT" refers to the deposition of defendant and debtor Darryl F. Carl, dated February 22, 2013, filed herewith in support of defendant's summary judgment motion.
[2] References to trial transcripts will be in the form of (TR: X: Y), whereby "X" denominates the page of the transcript, and "Y" represents the line or range of lines in the transcript.

caused New Salem Saab to file bankruptcy. While the defendant and his wife did enter into a financial transaction with Citizen Bank on June 8, 2011, which resulted in the satisfaction of the prior mortgage against 43 Carl Lane, this transaction was not undertaken with intent to hinder, delay, and defraud creditors.

The denial of a discharge is among the harshest sanctions that may be imposed against a debtor by this Court. Because it amounts to a refusal to give the debtor the fresh start that is so central to the purpose of the bankruptcy laws, Code § 727 authorizes this remedy only for those acts of misconduct that most threaten the integrity of the courts. Skaneateles v. Scott (In re Scott), 233 B.R. 32, 45 (Bankr. N.D.N.Y. 1998); see also Cooley v. Patterson (In re Patterson), slip op. at 6 (Bankr. N.D.N.Y. Feb. 25, 1999).The denial of a discharge is "an extreme penalty." *In re Chalasani*, 92 F.3d 1300, 1310 (2d Cir. 1996) (quoting *In re Adlman*, 541 F.2d 999, 1003 (2d. Cir. 1976)). Accordingly, § 727 "must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." *Id.* (internal citations and quotations omitted); *see also O'Connor v. Leone* (In re Leone), 463 B.R. 229, 242 (Bankr. N.D.N.Y. 2011). In the instant case, the debtor lacked the intent to hinder, delay or defraud a creditor. Therefore, before denying a discharge, the court should weigh the detriment to the proceedings and the dignity of the court against the potential harm to the debtor if the discharge is denied. The court should consider such factors as the intent behind the bankrupt's acts - was there injury to the creditors; and is there some way that the bankrupt could make amends for his conduct. In re Kokoszka, 479 F.2d 990, 997-98 (2d Cir. 1973).

Further, it is noteworthy in this analysis that it is not the duly appointed trustee that is the plaintiff in this action but a single disgruntled creditor. In considering whether

3

there is a way for the Debtor to atone for any unintended missteps along the process, the answer is a resounding "yes". The central allegations of the Plaintiff's case are that the Debtor transferred an interest in the family home to his wife without consideration and that the couple then utilized the equity in the home to fund the start up of the Debtor's wife's business. The Debtor maintains that there was sufficient consideration for the transfer and that as a result of the refinancing, Mrs. Carl became obligated on a debt for which she had no previous responsibility. Nevertheless, should the Court determine that the transfer should be unwound, the appropriate remedy is not the denial of a discharge but the recovery of the value of the equity transferred to Mrs. Carl and/or her business. This is precisely what the Chapter 7 Trustee is seeking in a separate, pending adversary proceeding.

Accordingly, the defendant requests that plaintiff's claim under §727(a)(2)(A) be dismissed.

II.     727(a)(4)(A)

To prevail on a claim under § 727(a)(4)(A), "the party objecting to discharge must establish by a preponderance of the evidence that: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *Vogel v. Castellano* (In re Castellano), 2011 Bankr. LEXIS 2919, 6-7 (Bankr. N.D.N.Y. July 26, 2011) (quoting *Adler v. Ng* (In re Adler), 395 B.R. 827, 841 (E.D.N.Y. 2008)). Once the objecting party meets its initial burden to produce evidence of a false statement, the burden of production shifts to the debtor to produce a "credible explanation." In re Adler, 395 B.R. 827, 841 (E.D.N.Y. 2008) (citation

4

omitted). "If a debtor fails to provide such evidence or a credible explanation for his failure to do so, a court may infer fraudulent intent." In re Murray, 249 B.R. 223, 228 (E.D.N.Y. 2000) (quoting In re Gollomp, 198 B.R. 433, 437 (S.D.N.Y. 1996)). It is up to the 7 Court to determine whether or not it finds a debtor's assertion to be credible. See Steibel v. Bressler (In re Bressler), 387 B.R. 446, 460-61 (Bankr. S.D.N.Y. 2008) ("'[A] determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor . . . .'") (quoting Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 252 (4th Cir. 1987)).

Here, the Debtor testified that if there are errors in his initial filing, those errors were the result of his reliance of the advice of counsel (TR-151-153). There is nothing in the record to prove otherwise. It is clear that the Debtor has been involved in the automotive business all of his life (TR-44-46) and in legal matters that he has faced, he has relied on the advice of his attorneys. The Court is asked to consider the Debtor's demeanor as he testified, as well as that of the Debtor's wife. It is respectfully submitted that their testimony and the demeanor with which it was given demonstrates that, far from attempting to defraud creditors, conceal information from the Court or otherwise undermine the bankruptcy system, Mr. and Mrs. Carl are the honest but unfortunate persons for which Chapter 7 exists to provide a fresh start.

The harsh penalties in this section are intended for the "debtor who intentionally secrets information from the court, the trustee, and creditors." *Id.* (quoting *Towle v. Hendrix* (In re Hendrix), 352 B.R. 200, 206 (Bankr. W.D. Mo. 2006

In the instant case, the Spaulding Trust alleges that the defendant knowingly and fraudulently made a false oath or account by: 1) failing to timely amend Schedule B Item

5

20 to reflect that he has an interest in the Estate of his mother, Sandra Carl; 2) failing to list an alleged equitable ownership in Albany Speed Shop, Inc.; 3) improperly listing Sandra Carl as a creditor when such a claim is alleged to be legally improper; 4) failure to list alleged "indirect income" and equitable ownership in Albany Speed Shop, Inc. as income on Schedule I and on the Statement of Financial Affairs (SOFA); 5) improperly claiming the entire home mortgage payment of $2,600 on Schedule J when the this payment is made from a joint account into which defendant is alleged to contribute no funds; 6) Failure to list a transfer of property and monies to his wife, Melissa Carl, on the SOFA; 7) failure to accurately state that the status of a lawsuit brought by the Spaulding Trust in that the debtor listed the lawsuit as "pending" on Item 4 of the SOFA, and did not indicate that a judgment had been entered prior to the filing of the Petition; and (8) that the defendant failed to state on Item 18 of the SOFA that he was an office, director, partner or managing executive of Albany Speed Shop, Inc.

    The Defendant submits any errors and omission were not made knowingly and fraudulently, and thus should not result in the denial of a discharge. It is well settled that "a false oath or account must be made both knowingly and fraudulently." *Harris v. D'Amico* (In re D'Amico), 2008 Bankr. LEXIS 2707, 14 – 15 (Bankr. N.D.N.Y. Oct. 9, 2008) (citing *In re Murray*, 249 B.R. 223, 230 (E.D.N.Y. 2000)). In the instant case, the evidence demonstrates that with respect to each alleged falsity identified by the Trust, any omitted information reflects at most "mere carelessness or misunderstanding", and not the "reckless indifference for the truth" required to warrant the denial of a discharge. See *In re Brundege*, 359 B.R. 22, 30 (Bankr. N.D.N.Y. 2007); *see also In re Ptasinski*, 290 B.R. 16, 23 (Bankr. W.D.N.Y. 2003) ("if items were omitted from the debtor's

6

schedules because of an honest mistake *or upon the honest advice of counsel*, such a false declaration may not be sufficiently knowingly and fraudulently made so as to result in a denial of discharge."). Emphasis added.

    a. Interest in the Estate of Sandra Carl

At the time the debtor filed his Petition, his mother was alive. The debtor has since amended his Petition to include his interest in his mother's estate. The Trust acknowledges that the defendant's mother was not deceased at the time of filing, but urges that the extraordinary remedy of a denial of discharge is warranted because the defendant failed to timely amend his schedules. Federal Rule of Bankruptcy Procedure 1009(a) provides that a debtor may amend his schedules and Statement of Financial Affairs at any time before the case is closed. While the failure to promptly amend may support an inference of fraudulent intent, in the instant case such an inference is firmly rebutted by the fact that the defendant has openly disclosed this interest to the Court, the Spaulding Trust, and the Trustee. Further, it has been clear for many months that the Trust was going to bring an action objecting to discharge regardless of when Amendments were made. Therefore, counsel determined to first see the complaint and deal with all necessary Amendments at once. The defendant openly acknowledged what he believed his interest to be in a Rule 2004 examination in June of 2012. He stated:

> Well, under the will as it reads at the passing I believe there was the dining room set, some figurines, crystal figurines in the hutch, half of the house and the property and the family rifle. Oh, and I believe there was a 60/40 split for residuary between us three children and the five grandchildren.

7

(June 15 EBT[3]: 52; 13 – 23). The debtor did not attempt to conceal these assets, nor has he at any time urged that they are exempt. It is submitted that the Trust suffered no prejudice by the defendant's delay in amending his schedules as it has been well aware of the details of the debtor's interest since at least his June 2012 Rule 2004 examination.

    b. Alleged Equitable Ownership Interest in Albany Speedshop, Inc.

The Spaulding Trust urges that a series of promotional communications, "when combined with the Debtor's providing the entire start up working capital for the business, demonstrate Debtor is an equitable part owner in Albany Speed Shop, Inc." (Adversary Complaint, p. 5). Albany Speedshop, Inc. was incorporated by Melissa Carl, *See* Deposition of Darryl F. Carl, (June 15 EBT: 32; 18 – 20), and Melissa Carl is the only named shareholder, officer, and director. (Adversary Complaint, p. 5). Defendant has not attempted to conceal the existence of Albany Speedshop, Inc. Indeed, defendant acknowledged at his § 341 meeting that he believed that this corporation was formed to protect his family in event that New Salem Garage failed. *(*June 15 EBT: 33 – 34); (*Id.*: 21 – 1). At least up until October 2011, the social media communications referenced by the Spaulding Trust in its Complaint were in fact posted by a third-party marketing company, Newcom Group, and not the defendant(Feb. 22 EBT: 33; 8 – 10); (*Id.*: 41; 4 – 8). Furthermore, Newcom Group submitted this content without reviewing the content with the defendant. (Feb. 22 EBT: 4; 22 – 24). Should this Court determine that these postings are fairly attributable to the defendant, it is nevertheless submitted that they do not evidence equitable ownership. Debtor did not list an equitable ownership interest in Albany Speed Shop because he does not have one. Furthermore, even if it is determined

---

[3] "June 15 EBT" refers to the deposition of defendant and debtor Darryl F. Carl, dated June 15, 2012, filed herewith in support of defendant's summary judgment motion.

8

that defendant has an equitable ownership interest in Albany Speedshop, Inc., the defendant's failure to list this on his bankruptcy Schedules is best characterized as a misunderstanding of the debtor's interest in the property and not an intentional attempt to conceal an asset from the bankruptcy estate. Further, if such an interest were to exist, the appropriate remedy would be the recovery of the value of that interest for the benefit of all the Debtor's creditors and not the denial of a discharge. The concept of equitable ownership is a difficult one for trained attorneys and the Debtor, having grown up in the automotive industry and without legal training should not be held to fully understand that concept and insure its proper incorporation into his bankruptcy filings.

    c. Listing Sandra Carl as a Creditor, Failure to Schedule Indirect Income, Failure to List the Correct Status of the Spaulding State Court Lawsuit, and Allegedly Failing to Accurately Schedule the Source of the Mortgage Payment

Defendant submits that with respect to listing Sandra Carl as a creditor, allegedly failing to schedule certain indirect income, failing to list the correct status of the Spaulding Trust state court lawsuit, and allegedly failing to accurately schedule the source of the Mortgage Payment, these are all allegations that, even if accepted as true, do not demonstrate the "reckless indifference for the truth" required to warrant the denial of a discharge. *In re Brundege*, 359 B.R. 22, 30 (Bankr. N.D.N.Y. 2007). Indeed, any errors or omissions with respect to the items above are not of the sort warranting a denial of discharge. While the defendant conceded at his examination before trial (Feb. 22 EBT: 68; 1 – 2), and at trial (TR- 58) that he reviewed his petition less intently than he perhaps he should have, this potential lack of diligence does not warrant the denial of his discharge. As this Court has observed, "[d]enial of a discharge . . . is the death penalty

9

of bankruptcy. It is a harsh remedy to be reserved for a truly pernicious debtor."
*O'Connor v. Leone* (In re Leone), 463 B.R. 229, 248 (Bankr. N.D.N.Y. 2011).

The Plaintiff has failed to submit any evidence which proves a reckless indifference to the truth with respect to the alleged errors or omissions above.

    d. Failure to List a Transfer of Property

Defendant submits that the failure to schedule the conveyance of the property at 43 Carl Lane jointly to himself and his wife does not warrant the extreme penalty of a denial of discharge. At the defendant's February 22, 2013 examination before trial, the defendant stated that the transfer took place primarily in an effort to refinance the home, and secondarily because Melissa Carl wanted to be put on the house in the event something happened to the defendant (Feb. 22 EBT: 19; 1 – 6). At trial he clarified his prior testimony which was supported by the testimony of Mrs. Carl to the effect that she had requested the transfer since she feared for her husband's life given the stress of the closure of the Saab dealership (TR- 34). There is no evidence indicating that the debtor was attempting to fraudulently conceal this transfer. The deed was promptly recorded in the Albany County Clerk's Office as a public record available for the whole world to see. Accordingly, it is respectfully submitted that the failure to list the instant transfer to his wife on his Petition does not warrant such extraordinary relief.

    III.    Spaulding Trust's Claim for Denial of Discharge under § 727(a)(2)(B)

Under Section 727(a)(2)(B) a discharge may be denied to a debtor who fails to disclose certain transactions regarding his assets post-petition. *In re Bostick*, 400 B.R. 348, 356 (Bankr. D. Conn. 2009). To prevail under § 727(a)(2)(B), the objecting party

must establish: "(1) the debtor, (2) transferred or concealed (3) property of the bankruptcy estate (4) with the intent to hinder, delay or defraud the creditor (5) after the filing of the bankruptcy petition." *O'Connor v. Leone* (In re Leone), 463 B.R. 229, 242-243 (Bankr. N.D.N.Y. 2011) (citing *In re Pisculli*, 408 Fed. Appx. 477, 479 (2d Cir. 2011)). In the instant case, the Trust argues that the debtor intentionally misled his creditors by utilizing his good will, developed pre-petition, to aid Albany Speed Shop, Inc., and also by failing to amend his bankruptcy filings to disclose his post-petition inheritance from the estate of Sandra Carl.

With respect to "utilizing his business good will," it is submitted that the Trust has not established the elements of a §727(a)(2)(B) claim. Indeed, while the defendant assisted in certain marketing initiatives and the day-to-day operation of Albany Speedshop, the conduct alleged in the complaint did not amount to the transfer or concealment of property of the bankruptcy estate. Since the allegations seem to suggest that the Debtor's offending conduct was to suggest that Albany Speed Shop is the successor of New Salem Saab, then if Debtor had committed such conduct it would appear to be New Salem Saab's business goodwill that was used. Nor has the Trust demonstrated by any competent proof that any conduct was done to hinder, delay, or defraud, the creditor. At most it was conduct undertaken to assist his wife in the start up of her new business. Finally, there is no proof of any value in the Debtor's alleged "good will". It is not something that a Trustee could sell. It is a nebulous concept and an unproven allegation of its existence is insufficient to support a denial of discharge. Accordingly, the Trust's conclusory allegation that defendant utilized pre-petition good will to realize a hidden economic benefit fails to state a claim under § 727(a)(2)(B).

Defendant respectfully submits that the Trust's argument concerning the failure to disclose his post-petition inheritance is also without merit. The debtor has never attempted to conceal his interest in his mother's estate from either the Spaulding Trust or the bankruptcy Trustee, having openly disclosed this interest at his June 2012 Rule 2004 deposition. (June 15 EBT: 52; 13 – 23). Furthermore, he has never sought use, transfer, or dispose of any of this inheritance.

The facts surrounding this inheritance indicate that the defendant lacked any intent to "hinder, delay, or defraud" his creditors. Furthermore, to the extent that the delay in amending his schedules may be construed as "concealing" this interest, defendant respectfully submits that such a position is belied by his open disclosure of this interest since at least June 2012. (June 15 EBT: 52; 13 – 23). Defendant further urges that the traditional "badges of fraud" are absent from this transaction. Specifically, defendant has not retained a benefit from this inheritance, his financial condition has not improved as a result of this inheritance, nor do the general facts and chronology of the events surrounding this inheritance indicate that the debtor's conduct was fraudulent. *See In re D'Amico*, No. 05-19217, 2008 Bankr. LEXIS 2707, 2008 WL 4552806, at *4 (Bankr. N.D.N.Y. Oct. 9, 2008) (citation omitted) (describing "badges of fraud"[4] in context of § 727(a)(2)(B) claim). Accordingly, it is submitted that the Trust is unable to prove elements "2" and "4" of a § 727(a)(2)(B) claim, and accordingly, this claim should fail.

---

[4] The "badges of fraud" include: "(1) the lack or inadequacy of consideration; (2) a family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suit by creditors; and (6) the general chronology of the events and transactions under inquiry." *See In re D'Amico*, No. 05-19217, 2008 Bankr. LEXIS 2707, 2008 WL 4552806, at *4 (Bankr. N.D.N.Y. Oct. 9, 2008) (citation omitted).

## Conclusion

For the foregoing reasons the defendant respectfully requests this honorable Court enter judgment in favor of Defendant against the Plaintiff by denying plaintiff's claims for an order denying discharge pursuant to §§727(a)(2)(B; 727(a)(2)(B); and 727(a)(4)(A); and dismissing plaintiff's adversary complaint.

Date:  Albany, New York
October 15, 2013

Tully Rinckey, PLLC

By: _____
Robert J. Rock, Esq.
Attorneys for Defendant
441 New Karner Road
Albany, New York 12205
(518) 218-7100